IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00225-WCM

| | |
|---|---|
| GLENDA LEVINSKY, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )     ORDER<br>) |
| ANDREW SAUL,<br>Acting Commissioner of the Social<br>Security Administration, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

This matter is before the Court on the following:

1. Plaintiff's Motion for Summary Judgment (Doc. 17); and

2. The Commissioner's "Consent Motion for Reversal and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g)" (the "Motion to Remand," Doc. 19).[1]

Under Sentence Four of 42 U.S.C. § 405(g), the Court has the authority "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or

---

[1] Pursuant to the parties' consent, this matter has been referred to the undersigned for any and all proceedings in this case, including entry of a final judgment. Docs. 15 & 16.

1

without remanding the cause for a rehearing." See Shalala v. Schaefer, 509 U.S. 292, 299, 113 S.Ct. 2625, 2630-31, 125 L.Ed.2d 239 (1993). Remand for further proceedings is the proper action in any case that requires further fact finding. See Meyer v. Astrue, 662 F.3d 700, 707 (4th Cir. 2011) ("Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance. Therefore, we must remand the case for further fact finding.").

Here, the Commissioner asserts that "further fact-finding and analysis is required" with respect to Plaintiff's claims and represents that Plaintiff's counsel consents to remand of this matter for further administrative proceedings. Doc. 19 at 1.

Accordingly, the undersigned will grant the Commissioner's Motion to Remand. By granting remand pursuant to sentence four of 42 U.S.C. § 405(g), the undersigned does not forecast a decision on the merits of Plaintiff's application for disability benefits. See Patterson v. Commissioner of Social Security Admin., 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. at 299 (quoting Sullivan v. Finkelstein, 496 U.S. 617, 629, 110 S.Ct. 2658, 2666, 110 L.Ed.2d 563 (1990)).

**IT IS THEREFORE ORDERED THAT**:

1. The Consent Motion for Reversal and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) (Doc. 19) is **GRANTED**, the Commissioner's decision is **REVERSED**, and this matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g); and

2. The Plaintiff's Motion for Summary Judgment (Doc. 17) is **DENIED AS MOOT**.

Signed: January 4, 2021

W. Carleton Metcalf
United States Magistrate Judge